[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORIGINAL ACTION IN MANDAMUS
This matter comes before us upon the respondent's motion to dismiss relator Ted A. Pianowski's pro se petition for a writ of mandamus. In his petition, Pianowski seeks a writ of mandamus ordering the respondent to file findings of fact and conclusions of law and to vacate his "void" conviction.
The record reveals that Pianowski filed a petition for post-conviction relief with the trial court on January 27, 1997. In his petition, Pianowski alleged that the trial court improperly convicted him for carrying a concealed weapon. Specifically, he argued that the trial court lacked subject matter jurisdiction to enter the conviction because count four of the indictment, which addressed the CCW offense, omitted certain material facts.
The state responded with a motion to dismiss the petition on February 5, 1997. In its response, the state argued that Pianowski's petition was untimely. Pianowski then filed a February 13, 1997, motion for summary judgment on his post-conviction relief petition. The following day, Pianowski filed a memorandum in opposition to the state's motion to dismiss. The trial court made no ruling at that time.
Months later, on October 9, 1997, Pianowski filed a complaint for a writ of mandamus in this court seeking a preemptory writ of mandamus directing the respondent to file findings of fact and conclusions of law and to vacate his "void" CCW conviction. In response, the respondent filed a motion to dismiss Pianowski's mandamus action on March 6, 1998. Attached to the respondent's motion, is a March 5, 1998, decision, order, and entry dismissing Pianowski's petition for post-conviction relief and overruling his motion for summary judgment. The ruling includes sections designated "FACTS" and "LAW AND ANALYSIS."
In light of this ruling, the respondent contends Pianowski's mandamus action is moot. Pianowski, however, has filed a March 25, 1998, memorandum in opposition to the respondent's motion to dismiss. In his filing, Pianowski argues that the respondent's decision, order, and entry dismissing his petition and denying him summary judgment does not render his mandamus action moot. In support, he argues that the respondent's ruling addressed issues not raised in his post-conviction relief petition and failed to address the true merits of his claim. He also notes that his post-conviction relief petition sought both findings of fact/conclusions of law and vacation of his "void" conviction. Given the respondent's failure to vacate his CCW conviction, Pianowski seeks a writ of mandamus directing the respondent to "set aside" its "unenforceable and illegal" ruling, file findings of fact and conclusions of law, and vacate his CCW conviction.
After throughly reviewing the record, we find Pianowski's arguments meritless. The trial court's March 5, 1998, decision, order, and entry overruling Pianowski's summary judgment motion and dismissing his petition contains detailed factual findings and legal conclusions. Consequently, we reject his request for a writ of mandamus directing the trial court to issue findings of fact and conclusions of law. Furthermore, we cannot agree that the trial court failed to address the issues raised in Pianowski's petition. Nor can we agree that Pianowski has a clear legal right to have his CCW conviction vacated.
In its March 5, 1998, ruling, the trial court agreed with the state's argument that Pianowski's post-conviction relief petition was untimely filed. Nevertheless, given Pianowski's pro se status, the court addressed the merits of his petition. In so doing, the court stated in part:
 "On January 27, 1997, Pianowski filed a petition for postconviction relief moving this court to vacate his conviction for the offense of carrying a concealed weapon. Pianowski contends that because the indictment did not list each and every element of the offense, the indictment was defective, thus depriving this court of subject matter jurisdiction."
Later in its opinion, the trial court reasoned that "[t]he gravamen of Pianowski's motion for summary judgment is that the indictment charging him with the offense of carrying a concealed weapon did not contain the essential facts constituting the offense that the State was required by statute to prove in order to obtain a conviction for that offense." The trial court noted, however, that Pianowski had raised the same argument before this court in a failed petition to reopen his appeal. The trial court then held "that the indictment charging Pianowski with the offense of carrying a concealed weapon was not defective and this court had subject matter jurisdiction." Accordingly, the trial court denied Pianowski summary judgment and dismissed his post-conviction relief petition.
In his current memorandum opposing the respondent's motion to dismiss his mandamus action, however, Pianowski contends his post-conviction relief petition never alleged that his indictment was defective or insufficient. Rather, Pianowski claims his petition alleged that the trial court lacked subject-matter jurisdiction to enter the CCW conviction, not that his CCW indictment was insufficient or defective.
We find this argument absolutely incredible. Pianowski's post-conviction relief petition asserted that the trial court lacked subject-matter jurisdiction to enter the CCW convictionprecisely because the CCW count of his indictment omitted certain "material facts." Curiously, Pianowski now insists that his post-conviction relief petition never challenged the sufficiency of, or alleged defects in, the indictment. Rather, he argues that the petition only challenged the trial court's "subject-matter jurisdiction." Pianowski's post-conviction relief petition, however, alleged no basis for challenging the trial court's subject-matter jurisdiction other than perceived problems with the CCW indictment count. Furthermore, Pianowski's current mandamus action fails to identify any basis upon which he challenges the trial court's subject matter jurisdiction other than alleged omissions in the CCW indictment. Consequently, we conclude that the trial court did address the substance of Pianowski's post-conviction relief petition.
Pianowski also suggests that the trial court should have granted his summary judgment motion because the state never contested the merits of his motion, responding instead with a motion to dismiss based solely upon his untimely filing. We cannot agree. Civil Rule 56 provides that when a party fails to respond to a summary judgment motion, the trial court may enter judgment in favor of the moving party if appropriate. In the present case, of course, the trial court found summary judgment inappropriate because it found Pianowski's CCW conviction valid. In its opinion, the trial court expressly found that it possessed subject-matter jurisdiction when it convicted and sentenced Pianowski. Consequently, the trial court had no obligation to vacate his conviction notwithstanding the state's failure to challenge his factual assertions.
Having determined that the trial court adequately addressed the merits of Pianowski's petition for post-conviction relief, we hereby SUSTAIN the respondent's motion to dismiss his complaint for a writ of mandamus. Pianowski's mandamus action is moot because the respondent has filed a decision, order, and entry containing both factual findings and legal conclusions explaining why he is not entitled to have his CCW conviction vacated. Consequently, nothing more remains for the respondent to do. Accordingly, Pianowski's complaint for a writ of mandamus is hereby DISMISSED.
SO ORDERED.
 ___________________________________ FREDERICK N. YOUNG, Presiding Judge
 ___________________________________ JAMES A. BROGAN, Judge
 ___________________________________ WILLIAM H. WOLFF, JR., Judge
Copies mailed to:
John F. Krumholtz
Ted A. Pianowski